UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JEFFREY THELEN,

    Plaintiff,

v.   Case No: 8:20-cv-1724-TPB-JSS

SOMATICS, LLC and ELEKTRIKA, INC.,

    Defendants.
_____/

## ORDER

Plaintiff seeks to inspect each Defendant's business facility and moves to compel the inspections. (Dkts. 54, 55, Motions to Compel.) Defendants object to Plaintiff's requested inspections. (Dkts. 53, 55-5.) Defendant Somatics filed a Motion for a Protective Order (Dkt. 53) seeking protection against any inspection, and Defendant Elektrika filed an opposition to Plaintiff's Motion to Compel (Dkt. 57). The court held a hearing on the Motions on August 9, 2022. (Dkt. 61.) For the reasons explained below, Defendants' objections to the requests are sustained, Plaintiff's Motions to Compel (Dkts. 54, 55) are **DENIED** and Defendant Somatics' Motion for a Protective Order (Dkt. 53) is **GRANTED**.

## BACKGROUND

Plaintiff alleges damages from electroconvulsive therapy (ECT) treatment that he underwent from 2014 through 2016 using a Thymatron System IV, a device that

was allegedly manufactured, promoted, and distributed by Defendants. (Dkt. 1.) Defendants filed motions to dismiss the complaint (Dkts. 15, 24), which the court granted in part. (Dkts. 42, 45.) The remaining claims assert negligence arising from Defendants' alleged failure to warn about the dangers of their device and failure to adequately investigate or report adverse events (Count I), strict liability in that the device was defective and unreasonably dangerous when it was manufactured, designed, and distributed by Defendants (Count II)[1], and breach of express warranty against Somatics for representing that the Thymatron device was safe and effective (Count V). (Dkt. 1 at 21–24, 27.)

Fact discovery in this matter is ongoing and closes on September 20, 2022. (Dkt. 58.) On May 13, 2022, Plaintiff served requests pursuant to Federal Rule of Civil Procedure 34 on Defendants, seeking access to Somatics' facility in Florida and Elektrika's facility in New York. (Dkts. 53-1, 55-4.) The requests specifically seek access to:

> [t]he property (including any storage areas, garages, and other structures) located at [address]; and any other location where [Defendants'] THYMATRON device is manufactured, assembled, and/or built. [Defendants] are required to provide a date and time over the next 30 days for PLAINTIFF'S attorneys and/or any of its consultants to inspect the property set forth above.
>
> [Defendants] are further required to provide a time period of at least five (5) consecutive hours, between the hours of 9:00 a.m. and 6:00 p.m., during which the aforementioned persons can visit to inspect.

---

[1] In the order granting in part Elektrika's motion to dismiss, the court merged Count III (implied warranty of merchantability) and Court IV (implied warranty of fitness) with Count II (strict liability), and dismissed Counts III and IV as standalone counts. (Dkt. 42.)

(*Id.*)  Defendants object to the requests, arguing that they are overbroad, the site inspections are irrelevant to Plaintiff's claims, and any relevance is outweighed by the burden imposed by the inspections.  (Dkts. 53, 55-5.)

## APPLICABLE STANDARDS

The court has broad discretion in managing pretrial discovery matters and in deciding motions to compel.  *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1306 (11th Cir. 2011); *Perez v. Miami-Dade Cnty.*, 297 F.3d 1255, 1263 (11th Cir. 2002).  Federal Rule of Civil Procedure 26(b) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]"  Fed. R. Civ. P. 26(b)(1).  Under Federal Rule of Civil Procedure 34, "[a] party may serve on any other party a request within the scope of Rule 26(b) . . . to permit entry onto designated land or other property possessed or controlled by the responding party, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it."  Fed. R. Civ. P. 34(a)(2).  "[A] court evaluating a request to permit entry under Rule 34 will consider the relevance of the inspection and balance the value of the information sought with the burden of the proposed intrusion."  *Quiterio v. QBE Specialty Ins. Co.*, No. 8:16-cv-1895-T-35JSS, 2019 WL 5390865, at *1 (M.D. Fla. Apr. 18, 2019).  Further, "[o]n motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed . . . if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or

can be obtained from some other source that is more convenient, less burdensome, or less expensive[.]" Fed. R. Civ. P. 26(b)(2)(C)(i).

Additionally, the court may, for good cause shown, issue an order to protect a party or person from annoyance, oppression, or undue burden or expense. Fed. R. Civ. P. 26(c)(1). Such an order may forbid inquiry into certain matters or limit the scope of disclosure or discovery to certain matters. Fed. R. Civ. P. 26(c)(1)(D). The party seeking a protective order bears the burden of showing the necessity of the protective order, and this burden requires a "particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *Ekokotu v. Fed. Express Corp.*, 408 F. App'x 331, 336 (11th Cir. 2011) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir.1978)). When determining good cause, courts may balance the interests of the parties and consider the likelihood and severity of the perceived harm. *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 356 (11th Cir. 1987).

## ANALYSIS

In his Motions to Compel, Plaintiff maintains that the inspections of Defendants' facilities would provide relevant information that is proportional to the needs of the case. Specifically, Plaintiff argues that the information he seeks through the inspections is relevant for two reasons. First, Plaintiff argues that the Thymatron device's design is "at issue in this case, and Plaintiff is entitled to observe the premises and conditions of where the device is made." (Dkt. 54 at 6; Dkt. 55 at 7.) Second, Plaintiff argues that the inspections will yield relevant information regarding Defendants' liability as manufacturers and their respective roles in the manufacturing

process.  Plaintiff argues that both Defendants have "repeatedly downplayed Elektrika's involvement in the manufacturing and assembly process" and therefore Plaintiff "is entitled to obtain discovery concerning the extent of each Defendant['s] role in manufacturing, assembling, and distributing its produc[t] to end users, like the hospital where Plaintiff had his ECT treatment."  (Dkt. 54 at 7–8; Dkt. 55 at 6–9.)

Defendants respond that any relevance of the requested inspections is outweighed by the burden imposed.  Defendants argue that the manufacturing process is not at issue in this matter.  According to Defendants, the complaint does not contain any allegation that the Thymatron device was defectively manufactured, or that the device failed to function as designed.  (Dkt. 53 at 1; Dkt. 57 at 3–4.)  Somatics argues that the requested inspection of its facility is also irrelevant because the devices used during Plaintiff's treatment were not manufactured there.  (Dkt. 53 at 2.)  Both Defendants assert that the requested inspections would impose undue burdens on their businesses, because an inspection of Somatics' facility would interrupt its ongoing manufacturing operations.  (*Id.* at 5.)  Elektrika also asserts that any inspection of its facility would be unduly burdensome because the facility is also the personal residence of its president, where he lives with his family.  (Dkt. 57 at 7–8.)

Plaintiff seeks to inspect Defendants' facilities to better understand the manufacturing process and to better define Defendants' respective roles in that process.  The burden of the requested discovery outweighs its likely benefit.  Plaintiff can obtain the discovery he seeks through more convenient, less burdensome, and less expensive sources.  *See* Fed. R. Civ. P. 26(b)(2)(C)(i).  Indeed, counsel for both Defendants

represented at the hearing that they would respond to interrogatories, should Plaintiff pose them, regarding the product's manufacturing process and their respective roles in it.  Plaintiff also appears to have received at least some of this information through previous interrogatories (Dkts. 55-2, 55-3), document productions, and a deposition of Elektrika's president.  While Plaintiff stated that during the deposition, Elektrika's president opined that he was not aware of the processes used at Somatics, Plaintiff represented that he had not yet taken a deposition of a representative of Somatics in this matter.

Thus, Plaintiff can obtain the discovery sought through more convenient, less, burdensome, and less expensive sources, such as interrogatories, requests for production, requests for admission, or a deposition of Somatics' corporate representative.  *See, e.g.*, *Johnson v. Med. Bus. Consultants Inc.*, No 8:19-cv-01079-T-35SPF, 2020 WL 13358548, at *1 (M.D. Fla. Feb. 20, 2020) (denying motion to compel site inspection where information sought could be obtained through depositions and requests for production); *Walker v. Credit Prot. Ass'n, LP*, 309 F.R.D. 668, 671–72 (M.D. Fla. 2015) (finding burden of site inspection outweighed value of information sought, "particularly in light of Defendant's stipulation" as to that information); *Bill v. NCO Fin. Sys., Inc.*, No 8:15-cv-00051-JDW-JSS, 2015 WL 5715402, at *2 (M.D. Fla. Sept. 28, 2015) (finding burden of site inspection outweighed likely benefit where plaintiff is able to obtain information "through other methods of discovery, such as requests for production, interrogatories, requests for admissions, or deposition of Defendant's corporate representative"); *Al-Zaharnah v.*

*Innovative Loan Servicing Co.*, No 8:15-cv-337-T-JSS, 2015 WL 5897685, at *2 (M.D. Fla. Oct 7, 2015) (same).

The burden imposed on Defendants by Plaintiff's requests outweighs their benefit, as site inspections would require counsel to travel to both facilities, would unnecessarily disrupt Defendants' operations, and would cause an unnecessary personal intrusion on Elektrika's president's family.  *See, e.g.*, *Bill*, 2015 WL 5715402 at *2; *Al-Zaharnah*, 2015 WL 5897685, at *2.  This is especially true given that Plaintiff does not allege that the product is dangerous because of a defect in the manufacturing process and the devices used on Plaintiff in his treatment were not manufactured in the Somatics facility sought to be inspected.  *See Johnson*, 2020 WL 13358548, at *2 (denying motion to compel where "observations made during the site inspection will likely be of little relevance to the parties' claim and defenses").  Further, as stated above, Plaintiff is not foreclosed from obtaining the information he seeks to prove and defend his case.  Rather Plaintiff is entitled to obtain such information by other means that are more convenient, less burdensome, and less expensive than site inspections of Defendants' properties.

Somatics has further demonstrated good cause for the court to issue a protective order to protect it from the undue burden and expense of Plaintiff's site inspection. Fed. R. Civ. P. 26(c)(1).  A party seeking a protective order must put forth a "particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements" allowing the court to balance the interests of the parties and consider the likelihood and severity of the perceived harm.  *Ekokotu*, 408 F. App'x 331 at 336; *see*

*In re Alexander Grant & Co. Litig.*, 820 F.2d 352 at 355 (explaining balance of interests considered in entering a protective order).  As explained above, Plaintiff's interest in gaining this discovery through a site inspection of Somatics' facility is minimal, and Somatics has demonstrated a specific harm to its business operations should the site inspection take place.  (Dkt. 53 at 5.)  Thus, good cause exists to enter the requested protective order and limit the scope and method of the requested discovery.  *See, e.g.*, *Al-Zaharnah*, 2015 WL 5897685, at *2 (granting motion for protective order to protect against undue burden of site inspection).

    Accordingly, it is **ORDERED:**

1. Plaintiff's Motion to Compel Entry Upon Land (Dkt. 54) and Motion to Compel Defendant Elektrika, Inc. to Permit Entry Upon Land (Dkt. 55) are **DENIED**.

2. Defendants' objections to Plaintiff's Requests for Entry Upon Land are sustained and Defendant Somatics, LLC's Motion for a Protective Order (Dkt. 53) is **GRANTED**.

**ORDERED** in Tampa, Florida, on August 16, 2022.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record