UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JEFFREY THELEN,

    Plaintiff,

v.                                                   Case No: 8:20-cv-1724-TPB-JSS

SOMATICS, LLC, and
ELEKTRIKA, INC.,

    Defendants.
_____/

**ORDER DENYING MOTIONS TO SEAL**

This matter is before the Court on "Plaintiff's Unopposed Motion for Leave to File Under Seal" (Doc. 96), "Somatics, LLC's Renewed Motion for Leave to File Exhibits to Motion for Summary Judgment Under Seal, and Notice of Joining Plaintiff's Unopposed Motion for Leave to File Under Seal" (Doc. 98), "Plaintiff's Unopposed Motion to Substitute Exhibit to Declaration of Bennet Omalu, M.D. with Redacted Exhibit" (Doc. 118), and "Plaintiff's Unopposed Motion for Leave to File Under Seal" (Doc. 119). Upon review of the motions, court file, and the record, the Court finds as follows:

**Background**

From May 16, 2014, to July 27, 2016, Plaintiff Jeffrey Thelen underwent 92 sessions of electroconvulsive therapy ("ECT") using the Thymatron System IV device in Omaha, Nebraska. This ECT device was manufactured and distributed by Defendants Somatics, LLC, and Elektrika, Inc. Plaintiff alleges that despite

knowing of the substantial risks associated with ECT treatment, Somatics and Elektrika manufactured and distributed the device and failed to warn Plaintiff of these risks. Plaintiff further alleges that undergoing ECT treatment with this device caused permanent neurological damage. On July 24, 2020, Plaintiff filed a complaint against Somatics and Elektrika asserting various legal theories, including negligence, strict liability, and breach of express warranty.

Somatics filed a motion for summary judgment on Plaintiff's claims, including placeholder exhibits for materials it proposed to file under seal. Somatics's motion to file these materials under seal, however, stated only that the materials included depositions and medical records contained "protected health information regarding Plaintiff and/or disclosure of Defendants' trade secrets, research, development, commercial, financial, technical and/or proprietary information" which the parties had designated as confidential under a stipulated protective order. (Doc. 82). The Court denied the motion because it failed to comply with the requirements of the Local Rules, failed to specify the information it sought to seal, and failed to demonstrate a particularized need for sealing. (Doc. 89). Elektrika then filed its own motion for summary judgment, similarly including placeholder exhibits standing in for material it proposed to file under seal.

Plaintiff filed an unopposed motion for leave to file materials from both Somatics's and Elektrika's motions for summary judgment and *Daubert* motions under seal, identifying the documents with more particularity and arguing that good cause supported sealing the materials. (Doc. 96). Somatics filed redacted

versions of the depositions of three treating physicians that had previously been proposed for sealing in their entirety, based on an agreement with Plaintiff that redacted versions of the depositions could be filed publicly. (Doc. 97). Somatics then renewed its motion to file the redacted portions of those depositions under seal, identifying the page and line numbers of the redactions. (Doc. 98).[1]

After filing his responses to Defendants' summary judgment and *Daubert* motions, Plaintiff filed a motion for leave to substitute a redacted version of an exhibit that Plaintiff inadvertently filed with his responses in unredacted form. (Doc. 118). The inadvertently filed material consisted of a portion of Dr. Bennet Omalu's expert report summarizing Plaintiff's medical records. Plaintiff also filed another unopposed motion for leave to file under seal additional documents referred to in his filings opposing Defendants' summary judgment and *Daubert* motions. (Doc. 119).

The Court discussed the issue of sealing documents with the parties at a case management conference on January 25, 2023, directed the parties to submit a proposed order, and took the matter under advisement. On January 31, 2023, and February 1, 2023, the parties provided copies of the materials proposed for sealing for *in camera* review.

---

[1] Some of the pages designated as redacted and subject to sealing, however, had in fact been filed in unredacted form by Somatics, specifically, material on pages 66-71 of the deposition of Dr. Arun Sharma.

## Legal Standard

Filing information under seal is disfavored. *See, e.g.*, *Verma v. Mem. Healthcare Group, Inc,.* No. 3:16-cv-427-J-225JRK, 2017 WL 8315889, at *1 (M.D. Fla. May 2, 2017). Local Rule 1.11(a) accordingly limits a party's ability to file information under seal to "compelling" circumstances:

> Because constitutional law and common law afford the public a qualified right of access to an item filed in connection with the adjudication of a claim or defense, sealing is unavailable absent a compelling justification. Sealing is not authorized by a confidentiality agreement, a protective order, a designation of confidentiality, or a stipulation.

As stated in the Local Rules, the fact that documents have been designated as confidential under a protective order is insufficient, without more, to demonstrate good cause to seal documents submitted in connection with a motion for summary judgment. *See Regions Bank v. Kaplan*, No 8:16-cv-2867-T-23AAS, 2018 WL 7982868, at *1 (M.D. Fla. Jan. 10, 2018). However, the presumption of public access may be overcome by a showing of good cause. *Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007). In determining whether good cause exist, courts balance, among other factors, the potential for impairing court functions or harming legitimate privacy interests, the degree of and likelihood of injury if the information is made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents. *Id.*

## Analysis

Plaintiff seeks to seal deposition transcripts and records reflecting his sensitive medical and mental health information, including a neuropsychological evaluation of Plaintiff, "sensitive family medical history," and "confidential third-party information." The material proposed for sealing contains everything from general information about the Plaintiff's medical history to very detailed information on his symptoms, medications, lifestyle, and interaction with and treatment by medical and psychological professionals.[2] Plaintiff argues that his privacy interest in maintaining the confidentiality of this sensitive material is compelling and outweighs the public interest in accessing court documents. Plaintiff notes also that the information does not relate to public officials or public concerns, and he argues that sealing would not impair the Court's consideration of, or the public's understanding of, the issues raised in the pending motions. Plaintiff also argues that no less onerous method exists for protecting the information.

Courts in this district have granted motions to file a party's medical information under seal based on privacy interests. *See, e.g.*, *Pena v. Marcus*, No. 6:15-cv-69-Orl-18TBS, 2016 WL 10891560, at *2 (M.D. Fla. Nov. 4, 2016). As noted in *Pena* and other decisions, the Health Insurance Portability and Accountability Act ("HIPAA"), 42 U.S.C. § 1301 *et seq.*, is intended to keep a person's protected health information strictly confidential. At the same time, such information may be disclosed in judicial proceedings pursuant to court order. *Id.* (citing 45 C.F.R. §

---

[2] Some of the material proposed to be filed under seal is plainly not sensitive or suitable for sealing.

164.512(e)).  Other decisions have held that a plaintiff waives his right to privacy as to medical records by filing a suit that places his medical information at issue.  *See, e.g., Heggie v. So. Health Partners*, No. 3:21-cv-00056, 2022 WL 2252953, at *2 (M.D. Tenn. June 22, 2022); *Oldaker v. Giles*, 7:20-CV-00224 (WLS), 2021 WL 3412551, at *3, 4 (M.D. Ga. Aug. 4, 2021), *reconsideration denied*, 7:20-CV-00224 (WLS), 2021 WL 3779837 (M.D. Ga. Aug. 25, 2021).

After considering Plaintiff's arguments and reviewing the materials in question *in camera*, the Court denies the motions to seal.  All aspects of the Plaintiff's medical condition and mental health status before his ECT treatments and after those treatments are central to the case and clearly implicated in the pending summary judgment and *Daubert* motions.  The Court cannot address the issues properly without considering all information submitted.  Thus, this case differs from those cited by Plaintiff, where the information sought to be sealed was of marginal relevance.  *See In re Wright Med. Tech. Inc., Conserve Hip Implant Prods. Liab. Litig.,* No. 1:13-CV-297-WSD, 2015 WL 12791506 (N.D. Ga. Oct. 29, 2015); *Moreno v. Serco Inc.,* No. 1:15-CV-3382-CC-JKL, 2017 WL 4334245 (N.D. Ga. Apr. 14, 2017), *report and recommendation adopted*, 2017 WL 4456891 (N.D. Ga. June 28, 2017), *aff'd*, 734 F. App'x 656 (11th Cir. 2018).

Plaintiff's privacy interest, particularly with regard to sensitive personal health information of this type, is entitled to weight.  But the Court finds that Plaintiff has waived that interest, or at least lessened its weight, by filing a lawsuit of this nature and placing the information directly and centrally in issue.

Furthermore, given the nature of the information already publicly disclosed in the complaint and pending motions, it does not appear that the disclosure of additional, more detailed information will cause substantial harm. The information in Plaintiff's medical records is presumably reliable and much of it self-reported by Plaintiff. To the extent it is not, Plaintiff can set the record straight in the lawsuit.

While the Court understands why Plaintiff would wish to keep from the public record information concerning the details of his medical history, and his lawyers cannot be faulted for seeking to do so, in the end, "[o]nce a matter is brought before a court for resolution, it is no longer solely the parties' case, but also the public's case." *Oldaker*, 2021 WL 3412551, at *2 (quoting *Brown v. Advantage Eng'g, Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992)). Accordingly, the motions to seal will be denied.

It is therefore

**ORDERED, ADJUDGED,** and **DECREED:**

(1)  "Plaintiff's Unopposed Motion for Leave to File Under Seal" (Doc. 96), "Somatics, LLC's Renewed Motion for Leave to File Exhibits to Motion for Summary Judgment Under Seal, and Notice of Joining Plaintiff's Unopposed Motion for Leave to File Under Seal" (Doc. 98), "Plaintiff's Unopposed Motion to Substitute Exhibit to Declaration of Bennet Omalu, M.D. with Redacted Exhibit" (Doc. 118), and "Plaintiff's Unopposed Motion for Leave to File Under Seal" (Doc. 119) are **DENIED**.

(2)  Plaintiff is directed to file in the public record the materials previously

submitted to the Court for *in camera* review, on or before March 27, 2023.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 21st day of March, 2023.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**