UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JEFFREY THELEN,

     Plaintiff,

v.                                                                  Case No: 8:20-cv-1724-TPB-JSS

SOMATICS, LLC,

     Defendant.

_____/

## REPORT AND RECOMMENDATION

     Plaintiff moves the court to review the Clerk's taxation of costs in this matter. (Motion, Dkt. 280.)  Defendant opposes the Motion.  (Dkt. 282.)  For the reasons that follow, the court recommends that the Motion be granted in part and denied in part.

## BACKGROUND

     Plaintiff brought this action against Defendant Somatics, LLC[1] alleging claims for negligence, strict liability, breaches of warranty, and violating the Nebraska Consumer Protection Act arising from Plaintiff's treatment with an electroconvulsive therapy (ECT) device manufactured by Defendant.  (Dkt. 1.)  The case proceeded to trial on certain claims made in Plaintiff's negligence and strict liability counts.  *See* (Dkts. 154, 169.)  Following a seven-day trial, a jury returned a verdict finding that Defendant placed its ECT device on the market without adequate instructions or

---

[1] Defendant Elektrika, Inc. was dismissed prior to trial following a notice of settlement between the parties.  *See* (Dkts. 151, 153.)

warnings to the physician who prescribed treatment to Plaintiff, but finding that the absence of adequate instructions or warnings was not a proximate cause of any damage to Plaintiff. (Dkt. 246.) Plaintiff was not awarded any damages or relief on his claims. (*Id.*) The Clerk of Court thereafter entered judgment in favor of Defendant. (Dkt. 249.)

At the court's direction,[2] Defendant filed a bill of costs and supporting documentation seeking $39,066.56 in taxable costs as the prevailing party in this action. (Dkt. 272.) The Clerk thereafter taxed the requested costs against Plaintiff. (Dkt. 278.) Plaintiff now moves the court to review the Clerk's taxation of costs. (Dkt. 280.) Defendant opposes the Motion (Dkt. 282) and submitted an amended bill of costs and supporting documentation in support of its opposition (Dkt. 283).

## APPLICABLE STANDARDS

Federal Rule of Civil Procedure 54(d) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). The rule creates a strong presumption in favor of awarding costs to the prevailing party. *Mathews v. Crosby*, 480 F.3d 1265, 1276 (11th Cir. 2007). However, the presumption of costs allowed under the rule "ordinarily appl[ies] only to the costs that Congress defined as taxable under 28 U.S.C. § 1920." *Yellow Pages Photos, Inc. v. Ziplocal, LP*, 846 F.3d

---

[2] Defendant initially filed a motion for the court to tax costs (Dkt. 267), which the court denied without prejudice subject to Defendant's submitting a proposed bill of costs to the Clerk (Dkt. 268). Defendant thereafter submitted an unsigned bill of costs (Dkt. 270) and was instructed to re-file a signed bill of costs (Dkt. 271).

1159, 1166 (11th Cir. 2017) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441 (1987) (explaining that "§ 1920 defines the term 'costs' as used in Rule 54(d)")).  Section 1920 limits taxable costs to the following: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees related to printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees; and (6) compensation of court-appointed experts and fees related to interpretation services.  28 U.S.C. § 1920.  "These enumerated categories of taxable costs provided by § 1920 limit[] the discretion of federal courts to award costs under Rule 54(d)." *Yellow Pages Photos, Inc.*, 846 F.3d at 1166 (citing *Arcadian Fertilizer, L.P. v. MPW Indus. Services Inc.*, 249 F.3d 1293, 1296 (11th Cir. 2001)).  The court therefore may not award costs "in excess of those permitted by Congress under 28 U.S.C. § 1920." *Maris Distrib. Co. v. Anheuser-Busch, Inc.*, 302 F.3d 1207, 1225 (11th Cir. 2002).

The prevailing party bears the burden of submitting a request demonstrating the costs incurred in the case and the prevailing party's entitlement to them.  *Loranger v. Stierheim*, 10 F.3d 776, 784 (11th Cir. 1994).  The party opposing the taxation of costs then "has the burden to show that circumstances are such that an award of costs is not warranted in a particular case." *JES Properties, Inc. v. USA Equestrian, Inc.*, 432 F. Supp. 2d 1283, 1296 (M.D. Fla. 2006) (citing *Arcadian Fertilizer, L.P.*, 249 F.3d at 1296).  "[T]o defeat the presumption and deny full costs, a district court must have and state

- 3 -

a sound basis for doing so." *Holton v. City of Thomasville Sch. Dist.*, 425 F.3d 1325, 1355 (11th Cir. 2005) (quoting *Chapman v. AI Transp.*, 229 F.3d 1012, 1038–39 (11th Cir. 2000)).

## ANALYSIS

Plaintiff raises several challenges to the Clerk's taxation of costs. (Dkt. 280.) Specifically, Plaintiff argues that the court should deny all costs because Defendant was not a prevailing party pursuant to Rule 54(d) and because of Plaintiff's financial status. (*Id.* at 2–5.) Plaintiff further argues that several of the taxed costs were unnecessary and excessive and objects to certain costs taxed with respect to trial transcripts, deposition fees, photocopy fees, scientific article fees, witness fees, and fees of the clerk. (*Id.* at 6–19.) Finally, Plaintiff argues that the court should defer in taxing costs pending resolution of Plaintiff's Rule 59 motion. (*Id.* at 19.) The court addresses each of Plaintiff's arguments below.

### A. Prevailing Party

Plaintiff first argues that the court should exercise its discretion and decline to award any costs because Defendant is not a prevailing party under Rule 54. (Dkt. 208 at 2–5.) Specifically, Plaintiff argues that the jury's finding that Defendant failed to warn of the risks associated with its ECT device, "as well as Plaintiff's pending Rule 59 motion[,] demonstrate this was an exceptionally close case and that Somatics was only partially successful at trial" such that the court should not award Defendant costs as a prevailing party. (*Id.* at 4.) The court disagrees.

- 4 -

"Usually the litigant in whose favor judgment is rendered is the prevailing party for purposes of rule 54(d)[.]" *Head v. Medford*, 62 F.3d 351, 354–55 (11th Cir. 1995) (quoting *United States v. Mitchell,* 580 F.2d 789, 793–94 (5th Cir. 1978)). However, the Eleventh Circuit has recognized that "there is not always a prevailing party in every case." *Ctr. for Individual Rts. v. Chevaldina*, No. 21-13453, 2022 WL 4462246, at *5 (11th Cir. Sept. 26, 2022) (citing *Royal Palm Properties, LLC, v. Pink Palm Properties, LLC*, 38 F. 4th 1372, 1375–77 (11th Cir. 2022)). For instance, "[w]here two parties each lose on the claims they asserted against the other or both successfully defend the claims brought against them, there is no material alteration in the legal relationship between the parties, and no 'clear winner' or prevailing party under Fed. R. Civ. P. 54." *Id.* (citing *Royal Palm Properties, LLC*, 38 F. 4th at 1377-80).

Here, the jury returned a verdict finding that Defendant was not liable for damages caused to Plaintiff and awarded Plaintiff no relief. (Dkt. 246.) The Clerk thereafter entered judgment in favor of Defendant. (Dkt. 249.) This is not a case evidencing a mixed outcome, in which both "Plaintiff and Defendant[] each obtained a judgment." *Cf. Woods v. On Baldwin Pond, LLC*, No. 6:13-cv-726-Orl-41DAB, 2016 WL 7325546, at *11 (M.D. Fla. Apr. 29, 2016) ("In view of the mixed judgment, and in light of Defendants' conduct which prolonged this litigation, the equitable result is for each side to bear its own costs."), *report and recommendation adopted,* 2016 WL 4927639 (M.D. Fla. Sept. 16, 2016). Accordingly, the court finds that Defendant is the prevailing party in this action under Rule 54(d) and is thus entitled to a

presumption of taxable costs.  *See Head*, 62 F.3d at 355 ("There is no question but that the district court rendered a judgment in defendants' favor . . ."); *Royal Palm Properties, LLC*, 38 F.4th at 1376 (to be a prevailing party under Supreme Court jurisprudence, "the party must be awarded some relief on the merits of its claim by the court [and] must be able to point to a resolution of the dispute which materially altered the legal relationship between the parties").

### B. Plaintiff's Financial Status

Plaintiff further argues that the court should exercise its discretion and decline to award costs because of Plaintiff's financial status.  (Dkt. 280 at 5–6.)  In support, Plaintiff submits a declaration averring that he is indigent and argues that he "simply does not have the means to pay for any amount of the costs Somatics seeks."  (*Id.* at 6 (emphasis removed); Dkt. 280-1.)  Defendant responds that Plaintiff has not provided "substantial documentation" necessary to support his request and the court may not consider the relative wealth of the parties in assessing costs.  (Dkt. 282 at 5–6.)

As part of the court's discretion, "a non-prevailing party's financial status is a factor that a district court may, but need not, consider in its award of costs pursuant to Rule 54(d)."  *Chapman*, 229 F.3d at 1039 (citing *Smith v. Se. Penn. Transp. Auth.,* 47 F.3d 97, 100 (3rd Cir. 1995)).  "If a district court in determining the amount of costs to award chooses to consider the non-prevailing party's financial status, it should require substantial documentation of a true inability to pay."  *Id.* (citing *McGill v. Faulkner,* 18 F.3d 456, 459 (7th Cir. 1994)).  However, the court "may not consider the

relative wealth of the parties in awarding costs[.]" *Smith v. Sec'y, Fla. Dep't of Corr.*, 696 F. App'x 944, 954 (11th Cir. 2017) (citing *Chapman*, 229 F.3d at 1039).

Upon consideration, the court declines to recommend considering Plaintiff's financial status in assessing the taxation of costs.  Plaintiff has not submitted substantial documentation to support consideration of his financial status except for the statements in his declaration.  *See Chapman*, 229 F.3d at 1039 ("non-prevailing party offered no documentary support, relying instead on 'unsupported, self-serving statements'") (quoting *McGill*, 18F.3d at 459); *cf. Stewart v. Wells*, No. 8:19-cv-1309-T-33CPT, 2020 WL 13825289, at *4 (M.D. Fla. Dec. 1, 2020) (considering affidavit and supporting documentation to recommend reduction in costs), *report and recommendation adopted sub nom. Stewart v. Adorno*, 2021 WL 11636703 (M.D. Fla. Jan. 14, 2021).  Moreover, the court may not consider the relative wealth of the parties in assessing costs under Rule 54 and "good faith and limited financial resources are not enough to overcome the strong presumption in favor of awarding costs to the prevailing party." *Pickett v. Iowa Beef Processors*, 149 F. App'x 831, 832–33 (11th Cir. 2005); *see also Nat'l Indem. Co. of S. v. Ma Alternative Transp. Servs., Inc.*, No. 6:19-cv-13-RBD-LHP, 2023 WL 1802145, at *3 (M.D. Fla. Jan. 23, 2023), *report and recommendation adopted sub nom. Nat'l Indem. Co. of the S. v. MA Alternative Transp. Servs., Inc.*, 2023 WL 1796525 (M.D. Fla. Feb. 7, 2023) ("A plaintiff's claim of an inability to pay does not automatically preclude her from paying costs under Fed. R. Civ. P. 54(d)").  Accordingly, the court has not considered Plaintiff's financial status in

assessing the clerk's taxation of costs.  *See Gay v. AirTran Airways, Inc.*, 427 F. App'x 743, 744 (11th Cir. 2011) ("Because the district court had no sound basis for setting aside Rule 54(d)'s strong presumption of awarding costs, it did not abuse its discretion by awarding costs to the prevailing party[.]"); *Ang v. Coastal Int'l Sec., Inc.*, 417 F. App'x 836, 839 (11th Cir. 2011) ("Finally, in considering Ang's indigence, the court properly found that his affidavit and his IFP status did not constitute substantial evidence of his inability to pay."); *Hernandez v. Plastipak Packaging, Inc.*, No. 8:17-cv-2826-JSM-SPF, 2022 WL 19354639, at *2 (M.D. Fla. June 14, 2022) ("With respect to Plaintiff's financial circumstances, the law is clear that costs may be taxed against an indigent party.") (citing *Harris v. Forsyth,* 742 F.2d 1277 (11th Cir. 1984)).

### C. Reasonableness of Costs

Plaintiff also objects to several of the taxed costs as being unnecessary and excessive.  (Dkt. 280 at 6–24.)   In particular, Plaintiff challenges Defendant's entitlement to the taxed amount of costs for trial transcripts, deposition fees, photocopy fees, fees for the retrieval of scientific articles, witness fees, and fees of the Clerk.  (*Id.*)  The court considers each of Plaintiff's arguments below and agrees with Plaintiff in part.

### 1. Trial Transcripts

The Clerk taxed $10,796.55 in costs for real-time and expedited transcripts of the trial proceedings in this matter.  (Dkt. 278.)  In support of its requested costs, Defendant submitted two invoices from the official court reporter, evidencing balances

- 8 -

due for $7,435.05 for expedited transcripts and $3,361.50 for real-time transcripts. (Dkt. 272 at 33–34; Dkt. 283 at 33–34.) Plaintiff objects to the Clerk's taxation of these costs and argues that the court should deny these costs in their entirety because they were unnecessarily incurred by Defendant. (Dkt. 280 at 7–8.) Defendant responds that the transcripts were necessary due to the complexity of the issues presented at trial, as well as the time restrictions placed on the presentation of arguments. (Dkt. 282 at 6–8; Dkt. 267 at 5.)

Costs may be taxed for "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2). Moreover, although the costs associated with expedited trial transcripts "should not be allowed as a matter of course," such costs are taxable where they are necessarily incurred due to the length and complexity of the trial. *Maris Distrib. Co.*, 302 F.3d at 1226; *see also In re Fundamental Long Term Care, Inc.*, 753 F. App'x 878, 885 (11th Cir. 2019) (noting that costs for expedited transcripts "are not categorically outside the bounds of the statute").

Upon consideration, the court recommends that Plaintiff's objection be sustained with respect to real-time transcripts and overruled with respect to expedited transcripts. Defendant argues that the real-time transcripts were necessary due to the court's orders limiting the scope of certain testimony and that "[t]here were many times each day of trial when counsel and the Court utilized the real time transcripts to ascertain objected-to questions, or answers which went beyond the scope of permitted

testimony." (Dkt. 267 at 5.) However, the invoices reflect that Defendant incurred $3,361.50 in costs for real-time transcripts, which included "2 realtime feeds [and] 1 rough draft." (Dkt. 272 at 33; Dkt. 283 at 33.) The court finds that Defendant has failed to establish that these costs were necessary and "indispensable" to the case, and thus recommends that they not be awarded. *See Maris Distrib. Co.*, 302 F.3d at 1225; *Rembrandt Vision Techs. L.P. v. Johnson & Johnson Vision Care, Inc.*, No. 3:11-cv-819-J-32JRK, 2019 WL 13256128, at *1 (M.D. Fla. May 23, 2019) (declining to tax costs of real-time and daily transcripts that "were not necessarily obtained for use in the case but were a mere convenience").

Nevertheless, the court agrees with Defendant that the costs associated with expedited transcripts were necessary due to the complexity of the issues presented at trial. *See, e.g.*, *Siemens Energy, Inc. v. MidAmerica C2L Inc.*, No. 6:17-cv-171-Orl-40LRH, 2020 WL 10457660, at *7 (M.D. Fla. June 19, 2020) (recommending costs for daily trial transcripts necessary in the case, "including for daily trial preparation, post-trial motion practice, and as it relates to MidAmerica's appeal"), *report and recommendation adopted,* 2020 WL 10457659 (M.D. Fla. July 6, 2020); *SB Holdings I, LLC v. Indian Harbor Ins. Co.*, No. 6:19-cv-668-PGB-DCI, 2022 WL 3711770, at *8 (M.D. Fla. Aug. 15, 2022) ("[T]he Court finds that the case was sufficiently complex as to support Defendant's request for the costs related to the expedited trial transcripts."); *Smith v. R.J. Reynolds Tobacco Co.*, 369 F. Supp. 3d 1269, 1276 (M.D. Fla. 2019) (awarding $3,406.20 in daily transcript costs). Indeed, the court itself recognized the likelihood

that the parties would require daily or expedited transcripts of the trial proceedings in its Pretrial Order. *See* (Dkt. 205 at 6–7.) Accordingly, the court recommends that Defendant is entitled to $7,435.05 in costs for expedited trial transcripts, and that Plaintiff's objection to the real-time transcript costs be sustained.

## 2. **Deposition Fees**

The Clerk taxed costs totaling $18,774.62 for deposition fees incurred by Defendant in this matter. (Dkt. 278.) [3] Plaintiff objects to the Clerk's taxation of any costs for deposition fees and argues that Defendant has not submitted sufficient documentation to justify why its depositions were necessarily obtained for use in the case. (Dkt. 280 at 9.) Moreover, Plaintiff challenges the costs assessed for each deposition, including the assessing of costs for video depositions, rough drafts, litigation packages, hosting fees, delivery fees, attendance and participant fees, and the per page rate for certain depositions. (*Id.* at 9–14.) Upon consideration, the court recommends sustaining Plaintiff's objections in part. [4]

---

[3] This amount represents the total amount of costs taxed for printed or electronically recorded transcripts ($29,571.17) less the amount taxed for trial transcripts as discussed above ($10,796.55). Plaintiff argues that the amount requested by Defendant does not match the invoices submitted. (Dkt. 280 at 9 n.2.) In addition, in its amended bill of costs submitted with its opposition, Defendant appears to only seek costs for $15,575.45 in deposition costs (amended requested amount of $26,372 less the requested amount for trial transcripts, $10,795.55). However, Defendant has not provided the court with any explanation or calculations as to how it arrived at this revised figure and specifically which deposition or other costs it is no longer seeking. Nevertheless, as discussed below, the court recommends that Plaintiff be taxed costs based on the invoices submitted by Defendant and therefore does not address this apparent discrepancy noted by Plaintiff.

[4] Upon review, Defendant's amended bill of costs and supporting documentation submitted with its response (Dkt. 283) is identical with respect to deposition invoices to the bill of costs and supporting documentation upon which the Clerk taxed costs (Dkt. 272). Therefore, and in the interests of clarity, in discussing the costs taxed for depositions below, the court will cite only to the bill of costs taxed by the Clerk (Dkt. 272).

i. **Costs for Depositions Necessarily Incurred**

Plaintiff objects to any costs for deposition fees and argues that Defendant has failed to establish that any of the depositions were necessarily incurred in this matter. (Dkt. 280 at 9.)  As noted, a prevailing party is entitled to "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case."  28 U.S.C. § 1920(2).  Certain costs associated with depositions may therefore be taxed when the depositions were "necessarily obtained for use in a case."  *Watson v. Lake Cnty.*, 492 F. App'x 991, 996 (11th Cir. 2012) (citing *E.E.O.C. v. W&O, Inc.,* 213 F.3d 600, 620–21 (11th Cir. 2000)).

Upon consideration, the court agrees with Defendant that the depositions of Dr. John Read, Dr. Tracy Witty, Dr. Bennet Omalu, Dr. Kenneth Castleman, Dr. Paul Thomas, Dr. Janet Arrowsmith, Dr. Arun Sharma, Dr. Imad Alsakaf, Dr. Hasnain Sadiq, and Mr. Jeffery Thelen were necessarily obtained for use in the case because those individuals were included on Plaintiff's final witness list.  (Dkt. 217); *see W&O, Inc.*, 213 F.3d at 621 (*"*We have upheld the taxation of a deposition where the losing party listed the deponent on its witness list.") (citing *Murphy v. City of Flagler Beach*, 761 F.2d 622, 631 (11th Cir. 1985)).  Additionally, the court agrees with Defendant that the deposition of Nurse Mary Pat Kuehler was necessarily obtained for use in the case because she was listed as a witness on Defendant's witness list and her video deposition was played during trial.  *See* (Dkt. 175 at 9; Dkt. 236); *W&O, Inc.*, 213 F.3d at 621 ("It is not necessary to use a deposition at trial for it to be taxable, but admission

into evidence or use during cross-examination tends to show that it was necessarily obtained.") (citing *United States for Kolesar*, 313 F.2d 835, 840 (5th Cir. 1963)). Accordingly, the court recommends that Plaintiff's objections to these depositions be overruled to the extent Plaintiff argues that the deposition costs were not necessarily incurred in this case.

However, the court agrees with Plaintiff that Defendant has made no showing that $135 in costs for cancelling reporting services on October 17, 2022 for witness "Judge J. Sneed" was necessarily incurred in the case. *See* (Dkt. 272 at 25.; Dkt. 282 at 25.) On October 17, 2022, the court held a hearing on Defendant's Emergency Motion to Permit Deposition of Plaintiff's Treating Physician (Dkt. 68). (Dkt. 72.) Defendant does not address why this $135 cost was necessarily incurred or should be taxed on Plaintiff. *See* (Dkts. 272, 267, 282, 283.) Accordingly, the court recommends that Plaintiff's objection be sustained as to this cost.

ii.  **Objections to Costs of Video Depositions**

Plaintiff objects to $5,002.30 in taxed costs associated with the video depositions of Jeffery Thelen, Dr. Sharma, Dr. Alsakaf, Dr. Sadiq, Dr. Omalu, and Dr. Castleman. (Dkt. 280 at 15, 17); *see also* (Dkt. 272 at 10, 14, 17–20, 31.) Plaintiff argues that Defendant failed to notice that the depositions of Mr. Thelen, Dr. Sharma, Dr. Alaskaf, and Dr. Sadiq would be video recorded (Dkt. 280 at 17), and Defendant fails to explain how costs for the video depositions of Mr. Thelen, Dr. Omalu, and Dr.

Castleman, who were expected to testify live at trial, were necessarily incurred (*id.* at 15).  Upon consideration, the court agrees with Plaintiff in part.

The Eleventh Circuit holds that when a party notices a deposition to be recorded by video "and no objection is raised at that time by the other party to the method of recordation pursuant to Federal Rule of Civil Procedure 26(c), it is appropriate under § 1920 to award the cost of conducting the deposition in the manner noticed." *Morrison v. Reichhold Chemicals, Inc.*, 97 F.3d 460, 465 (11th Cir. 1996).  However, "the prevailing party must still explain the necessity of obtaining both regular transcripts and videotaped copies for these costs to be taxable." *Schalamar Creek Mobile Homeowner's Ass'n, Inc. v. Adler*, No. 8:19-cv-291-TPB-AEP, 2021 WL 6617451, at *9 (M.D. Fla. Dec. 7, 2021), *report and recommendation adopted sub nom. Atwood v. Adler*, 2022 WL 180794 (M.D. Fla. Jan. 20, 2022) (citing *Morrison*, 97 F.3d at 465); *see also Yellowfin Yachts, Inc. v. Barker Boatworks, LLC*, No. 8:15-cv-990-T-23TGW, 2018 WL 3769953, at *1 (M.D. Fla. Aug. 9, 2018) ("under *Morrison* recovering the cost of a videotaped deposition requires showing the necessity for a videotape").

Plaintiff argues that Defendant failed to notice the depositions of Dr. Sharma, Dr. Alaskaf, Dr. Sadiq, and Mr. Thelen as being videorecorded and it was thus improper for the Clerk to tax costs for both video and regular transcription services for those depositions. (Dkt. 280 at 17.)  With respect to Dr. Sharma, Dr. Alaskaf, and Dr. Sadiq, the court agrees.  Here, the depositions of Dr. Sharma, Dr. Alskaf, and Dr. Sadiq were noticed as depositions duces tecum on a single notice, which stated only

that the deponents "will appear for oral examination before a court reporter authorized by law to take depositions" and did not indicate that the depositions would be video recorded. (Dkt. 280-4.)  Accordingly, the court recommends that Plaintiff's objections be sustained as to the video costs for Dr. Sharma's, Dr. Alaskaf's, and Dr. Sadiq's depositions.  *See Watson*, 492 F. App'x at 997 (citing *Morrison*, 97 F.3d at 464–65); *HRCC, Ltd. v. Hard Rock Café Int'l (USA), Inc.*, No. 6:14-cv-2004-Orl-40KRS, 2018 WL 1863778, at *12 (M.D. Fla. Mar. 26, 2018) ("Defendants have not established that the notices for those depositions indicated that they would be recorded by both stenographic and nonstenographic means and that Plaintiff failed to object."), *report and recommendation adopted,* 2018 WL 1863779 (M.D. Fla. Apr. 13, 2018).

With respect to Mr. Thelen's deposition however, the court finds that Defendant properly noticed the deposition as a "Video Deposition" (Dkt. 280-3) and Plaintiff does not argue that he objected to that manner of recordation at that time.  *See Watson*, 492 F. App'x at 997; *Doe v. Rollins Coll.*, No. 6:18-cv-1069-RBD-LRH, 2021 WL 3230424, at *7 (M.D. Fla. July 13, 2021) ("Here, there is nothing in the record to suggest that Plaintiff lodged an objection to conducting the depositions at issue by video, both of which were noticed to be 'recorded by stenographic means and by sound and videotape.'"), *report and recommendation adopted,* 2021 WL 3209564 (M.D. Fla. July 29, 2021).  Thus, Defendant would be entitled to the costs for the video deposition of Mr. Thelen so long as the costs were necessarily incurred in this case.  *See* 28 U.S.C. § 1920(2).

Plaintiff further objects to the taxing of costs for both video and regular transcription for the depositions of Mr. Thelen, Dr. Omalu, and Dr. Castleman and argues that the video depositions were not necessarily incurred.  (Dkt. 280 at 15, 17.) Defendant responds that the video depositions of Mr. Thelen, Dr. Omalu, and Dr. Castleman were necessarily obtained in this case because "every single witness listed by Plaintiff was located outside the state of Florida and therefore outside the subpoena power of this Court," Defendant "had no way of knowing which of [his] witnesses Plaintiff would produce live for trial" and "video depositions were [] necessary in ensuring each witnesses['] testimony was preserved for trial."  (Dkt. 282 at 9.)  The court agrees with respect to the depositions of Plaintiff's witnesses, Dr. Omalu and Dr. Castleman.[5]  *See Scottsdale Ins. Co. v. Wave Techs. Commc'ns, Inc.*, No. 8:07-cv-1329-T-30MAP, 2012 WL 750317, at *2 (M.D. Fla. Mar. 7, 2012) (awarding costs for video and transcribed deposition where witness "had moved outside of the subpoena power of the Court and would not be available for trial").  However, the court finds that Defendant's explanation is insufficient to justify both the stenographic and videographic costs of the deposition of Mr. Thelen, the Plaintiff in this case, who was undoubtedly available to testify at trial.  *See, e.g.*, *Albakri v. Sheriff of Orange Cnty.*, No. 6:15-cv-1969-Orl-31GJK, 2017 WL 4159819, at *2 (M.D. Fla. Sept. 13, 2017) ("Defendant provides no explanation why it was necessary to obtain both a video-recording and a transcript of Plaintiff's deposition."), *report and recommendation adopted,*

---

[5] Defendant did not seek costs for regular transcription services of Dr. Castleman's deposition.  *See* (Dkt. 272 at 31.)

2017 WL 4124820 (M.D. Fla. Sept. 18, 2017); *Adler*, 2021 WL 6617451, at *9 (recommending costs be denied where defendant failed to explain "why videotaped copies were necessary"); *Cont'l 332 Fund, LLC v. Hilz*, No. 2:17-cv-41-FtM-38MRM, 2020 WL 6595061, at *4 (M.D. Fla. Oct. 23, 2020) ("Defendant has not made an adequate showing as to why, beyond mere conclusory assertions, videotapes were necessary in addition to the transcripts."), *report and recommendation adopted,* 2020 WL 6591192 (M.D. Fla. Nov. 10, 2020).   Accordingly, the court recommends that Plaintiff's objection be sustained as to the video costs for Mr. Thelen's deposition and Plaintiff's objections be overruled for the video costs of the depositions of Dr. Omalu and Dr. Castleman.

### iii.   Non-recoverable or Excessive Deposition Costs

Plaintiff further objects to several deposition costs taxed by the Clerk that Plaintiff argues are excessive and non-recoverable under 28 U.S.C. § 1920.  (Dkt. 280 at 9–19.)   In particular, Plaintiff objects to certain costs for rough drafts, certified transcripts, litigation packages, costs for exhibits, hosting and delivery fees, attendance fees, participant fees, and conference suite fees.  (*Id.*)  Upon consideration, the court recommends sustaining Plaintiff's objections in part.

Plaintiff objects to the Clerk's taxation of rough draft costs for the September 29, 2022 deposition of Dr. Read, the October 24, 2022 deposition of Dr. Arrowhead, and the November 14, 2022 deposition of Dr. Omalu.  (Dkt. 280 at 9, 11–12.) Defendant responds that it is entitled to rough draft fees for Dr. Omalu's and Dr.

Arrowhead's depositions because they were taken near the impending *Daubert* motion deadline.  (Dkt. 282 at 11–12.)  This court has noted that "[w]hile 'the cost for an expedited deposition transcript is ordinarily not taxable,' the cost may be taxed where an expedited transcript was necessary for the case."  *Kearney v. Auto-Owners Ins. Co.*, No. 8:06-cv-00595-T24-TGW, 2010 WL 1856060, at *2 (M.D. Fla. May 10, 2010); *see also Nolen v. Fairshare Vacation Owners Ass'n*, No. 6:20-cv-330-PGB-EJK, 2022 WL 3136863, at *4 (M.D. Fla. May 26, 2022) ("The cost of a rough draft is generally not taxable absent a compelling reason that is not rooted in the convenience of the parties."), *report and recommendation adopted,* 2022 WL 3136843 (M.D. Fla. June 13, 2022).   Upon consideration, the court finds that Defendant has made a sufficient showing that the cost for a rough draft transcript for Dr. Omalu's November 14, 2022 deposition was necessary for the case.  In particular, Dr. Omalu's deposition was repeatedly postponed by the witness until 17 days before the *Daubert* motion deadline and Defendant was required to seek an extension of the deadline while awaiting the transcript.  *See* (Dkt. 80.)  In contrast, Defendant has made no argument nor has the court found any evidence on the docket that Dr. Arrowsmith's deposition could not have been taken sooner than October 24, 2022, 38 days before the *Daubert* motion deadline.  *See Kearney*, 2010 WL 1856060, at *2 (analyzing court's case management and scheduling order and finding that party "could have deposed many of the witnesses earlier, which would have eliminated the need to order expedited transcripts").  Additionally, Defendant does not argue in its response that it is entitled

to the rough draft costs for the September 29, 2022 deposition of Dr. Read.  *See* (Dkt. 282 at 11–12.)  Accordingly, the court recommends that Defendant be awarded costs for the rough draft transcript of the November 14, 2022 deposition of Dr. Omalu and that Plaintiff's objections be sustained as to the rough draft costs for the depositions of Dr. Arrowsmith and Dr. Read.

Plaintiff also argues that Defendant seeks costs for certified copies of the transcripts of the depositions of Dr. Alsakaf and Dr. Sadiq at an impermissibly high rate of $5.00 per page.  (Dkt. 280 at 17–18.)  Plaintiff relies on *Scottsdale Ins. Co.* to argue that $5.00 per page "is well above the $3.65 per page rate allowed in the Middle District."  (*Id.* at 17–18 (citing *Scottsdale Ins. Co.*, 2012 WL 750317, at *2).)  Upon consideration, the court recommends sustaining Plaintiff's objection in part.   Courts in the Middle District have used the court's published rate for court reporters as a guide, rather than a cap, in determining a reasonable rate for private stenographers. *See Miller v. Allstate Prop. & Cas. Ins. Co.*, No. 8:17-cv-3056-T-02CPT, 2020 WL 4750888, at *3 (M.D. Fla. Aug. 17, 2020) (citing *In the Matter of Maximum Transcript Rates for Court Reporters*, No. 6:07-mc-97-T-23 (M.D. Fla. Apr. 6, 2018) (noting $3.65 ordinary per page authorization for court reporter "serving the Middle District of Florida")).  However, Defendant has not cited to any case in the Middle District of Florida in which a court found reasonable a rate as high as $5.00 per page.  (Dkt. 282 at 13.)  Accordingly, in line with recent decisions findings $4.60 to be a reasonable rate for a private stenographer in the Middle District, the court recommends that Plaintiff's

objection be sustained in part and the per page rate for the certified transcripts for the depositions of Dr. Alaskaf and Dr. Sharma be reduced to $4.60 per page.  *See, e.g.*, *Miller*, 2020 WL 4750888, at *3 (approving $4.60 per page rate); *Stephen v. H. Lee Moffitt Cancer Ctr. & Research Inst. Lifetime Cancer Screening Ctr., Inc.*, No. 8:15-cv-556-T-36AAS, 2017 WL 5712902, at *2 n.2 (M.D. Fla. Oct. 30, 2017) (finding $4.60 regular rate to be reasonable), *report and recommendation adopted,* 2017 WL 5705504 (M.D. Fla. Nov. 27, 2017).

Plaintiff also objects to the several costs taxed for various depositions, including litigation packages, costs for exhibits, hosting and delivery fees, attendance fees, participant fees, and conference suite fees.  *See* (Dkt. 280 at 14–19.)  Defendant responds that it is entitled to exhibit costs due to the complexity of the case and hosting costs for those unobjected-to depositions that were noticed to be videorecorded in accordance with *Morrison*.[6]  (Dkt. 282 at 14.)  Upon consideration, the court recommends sustaining Plaintiff's objections in part.

Defendant does not dispute that it is not entitled to costs for litigation packages for those depositions to which Plaintiff objected and that those costs are not recoverable under 28 U.S.C. § 1920.  *See, e.g.*, *McCullars v. Maloy*, No. 6:17-cv-1587-Orl-40GJK, 2020 WL 5822154, at *3 (M.D. Fla. Sept. 10, 2020) ("Non-recoverable deposition costs include litigation packages, . . . shipping and handling fees, disc

---

[6] Defendant argues that the depositions of Dr. Omalu, Dr. Castleman, Dr. Hannappel, Nurse Mary Pat Kuehler, and Mr. Thelen "were all noticed as videotaped depositions, and Plaintiff did not object to any of Somatics' deposition notices."  (Dkt. 282 at 9) (emphasis removed).

copies, and e-transcript fees."), *report and recommendation adopted,* No. 2020 WL 5822103 (M.D. Fla. Sept. 28, 2020); *Passmore v. 21st Century Oncology, LLC*, No. 3:16-cv-1094-J-34PDB, 2019 WL 4016155, at *2 (M.D. Fla. Aug. 26, 2019) ("Other costs associated with depositions, such as charges for litigation packages . . . and shipping and handling fees are typically incurred for the convenience of counsel and not taxable.").  Accordingly, the court recommends that Plaintiff's objections be sustained as to costs for litigation packages for the depositions of Dr. Read, Dr. Witty, Dr. Thomas, Dr. Omalu, and Dr. Arrowsmith.  (Dkt. 272 at 8–9, 11–13, 15.)

Defendant also failed to provide an explanation as to why costs for "Veritext Virtual Primary Participants" should be assessed against Plaintiff.  *See* (Dkt. 282 at 14); *see Pro. Plaza Condo. Ass'n, Inc. v. Landmark Infrastructure Holding Co., LLC*, No. 20-20707-CIV, 2022 WL 2819667, at *17 (S.D. Fla. June 14, 2022) ("Landmark does not explain why expedited services were necessary or what "Veritext Virtual Services" are and why they were reasonably incurred in this case."), *report and recommendation adopted,* 2022 WL 2817879 (S.D. Fla. July 19, 2022).  Accordingly, the court recommends that Plaintiff's objections be sustained as to costs for "Veritext Virtual Primary Participants" for the depositions of Dr. Omalu, Dr. Sharma, Dr. Sadiq, and Mr. Thelen.  (Dkt. 272 at 12, 15, 22–24.)

Defendant does not argue that it should be entitled to attendance fees for the depositions of Dr. Omalu, Dr. Alaskaf, Dr. Sadiq, and Mr. Thelen (Dkt. 272 at 12, 15, 21, 23–24) and does not argue that it should be entitled to "Conference Suite &

Amenities" fees and "Equipment Rental" fees for the deposition of Mr. Thelen (*id.* at 24).  With respect to attendance fees, "[c]ourts differ on whether a court reporter's attendance fee is taxable under § 1920, and there is no binding precedent on the matter." *Brown v. Riedl*, No. 3:13-cv-36-J-34PDB, 2017 WL 9360887, at *3 n.4 (M.D. Fla. Jan. 18, 2017) (collecting cases and recommending that such fees are not allowable under the "plain and unambiguous language of § 1920(2), the purpose of § 1920, and the Supreme Court's jurisprudence interpreting § 1920"), *report and recommendation adopted in part,* 2017 WL 1161306 (M.D. Fla. Mar. 29, 2017); *contra Thayer v. Randy Marion Chevrolet Buick Cadillac, LLC*, No. 6:19-cv-784-GAP-LRH, 2021 WL 4994033, at *10 (M.D. Fla. Oct. 4, 2021) ("Attendance fees of the court reporter are taxable costs under § 1920(2)."), *report and recommendation adopted,* 2021 WL 4991525 (M.D. Fla. Oct. 27, 2021).  However, without explanation from Defendant, the court has no information regarding whether these costs were necessarily incurred for use in the case, or even for whose attendance the fees were assessed.[7]  The court similarly has no information regarding the necessity of costs for "Conference Suite & Amenities" and "Equipment Rental" assessed for Mr. Thelen's deposition.  *See* (Dkt. 272 at 24); *Cates v. Zeltiq Aesthetics, Inc.*, No. 6:19-cv-1670-PGB-LRH, 2021 WL 8200215, at *4 (M.D. Fla. Dec. 27, 2021), *report and recommendation adopted,* 2022 WL 20123591 (M.D. Fla. Jan. 11, 2022) (declining to award costs for "web conferencing").

---

[7] For instance, while presumably a court reporter was present at each of the taxed depositions, these "attendance" fees only appear on the invoices to which Plaintiff objected and not on any of the others. *Compare* (Dkt. 272 at 24) *with* (*id.* at 8).)  Defendant has provided no explanation for this inconsistency in the invoices.

Accordingly, the court recommends that Plaintiff's objections be sustained as to those costs assessed in the depositions of Dr. Omalu, Dr. Alaskaf, Dr. Sadiq, and Mr. Thelen (Dkt. 272 at 12, 15, 21, 23–24). *See Loranger*, 10 F.3d at 784 (discussing prevailing party's burden to demonstrate entitlement to costs).

With respect to exhibit costs, Defendant argues that exhibit costs were necessary due to the complexity of this matter and to ensure a "complete and accurate version of each deposition." (Dkt. 282 at 14.) Courts have found that exhibit costs are recoverable where the exhibits were necessary to the deposition. *See, e.g.*, *Miller*, 2020 WL 475088, at *3 ("Exhibits to the deposition are taxable.") (citing *Anwad v. Largo Med. Ctr., Inc.*, No. 8:11-cv-1638-T-24TBM, 2013 WL 6198856, at *4 (M.D. Fla. Nov. 27, 2013) (holding exhibits may be ordered to get a complete understanding from the transcripts)); *Thayer*, 2021 WL 4994033, at *9 ("[T]he Court will not award costs for deposition exhibits when the prevailing party 'has provided no information demonstrating that the copies of transcript exhibits were made for anything more than convenience of counsel.'") (quoting *Spatz v. Microtel Inns & Suites Franchising, Inc.*, No. 11-60509-CIV, 2012 WL 1587663, at *6 (S.D. Fla. May 4, 2012)), *report and recommendation adopted,* 2021 WL 4991525 (M.D. Fla. Oct. 27, 2021). Upon consideration, the court agrees with Defendant that exhibit costs were necessary to the depositions due to the complex nature of the allegations in this case. Accordingly, the court recommends that Plaintiff's objections be overruled for exhibit costs for the

depositions of Dr. Read, Dr. Witty, Dr. Thomas, Dr. Omalu, Dr. Sharma, Dr. Sadiq, and Mr. Thelen.  (Dkt. 272 at 8–9, 11, 15, 22–24.)

Finally, Plaintiff objects to the assessment of costs for hosting and delivery fees for the depositions of Dr. Read, Dr. Witty, Dr. Thomas, Dr. Omalu, Dr. Arrowsmith, Dr. Alaskaf, Dr. Sharma, Dr. Sadiq, and Mr. Thelen.  (Dkt. 272 at 8–9, 11–13, 15, 21–24.)  Defendant's invoices for these depositions each show a single fee of $28 for either "Hosting & Delivery of Encrypted Files" or "Electronic Delivery and Handling."  *E.g.*, (Dkt. 272 at 15, 21.)  Delivery fees are generally not taxable as deposition costs, but may be taxable when they are shown to be necessarily incurred.  *See In re Fundamental Long Term Care, Inc.*, 753 F. App'x at 885 n.4; *e.g.*, *McCullars*, 2020 WL 5822154, at *3; *Passmore*, 2019 WL 4016155, at *2.  Defendant does not dispute that it is not entitled to "delivery fees," but argues that it should be entitled to "hosting fees" for those depositions that were noticed to be video depositions in accordance with *Morrison*. (Dkt. 282 at 14.)   Specifically, Defendant represents that it should be entitled to "hosting fees" for the depositions of Dr. Omalu, Dr. Castleman, Dr. Hannappel, Nurse Mary Pat Kuehler, and Mr. Thelen, which were all noticed as videotaped depositions to which Plaintiff did not object.  (Dkt. 282 at 9.)  However, of those depositions, Plaintiff has only objected to hosting fees for the depositions of Mr. Thelen and Dr. Omalu.  (Dkt. 280 at 15–16, 18.)  As discussed above, the court finds that costs related to the video deposition of Mr. Thelen were not necessarily incurred and Defendant is therefore not entitled to "hosting fees" for that deposition.  In

addition, Defendant is not entitled to "hosting and delivery fees" for the depositions of Dr. Read, Dr. Witty, Dr. Thomas, Dr. Arrowhead, Dr. Alaskaf, Dr. Sharma, and Dr. Sadiq, which Defendant has not established were noticed as video depositions. Accordingly, the court recommends that Plaintiff's objections be sustained as to hosting and delivery fees for all depositions except those of Dr. Bennet Omalu, which were noticed as video depositions and were necessarily incurred in this case.  *See* (Dkt. 272 at 10, 15.)

### iv.  **Summary of Deposition Fees**

Upon consideration of the foregoing, the court recommends that Plaintiff's objections to the various deposition fees taxed by the Clerk be sustained in part, and Defendant be awarded costs for the depositions in this matter as follows:

| **Deposition** | **Costs Requested** | **Costs Recommended** |
|---|---|---|
| 9/1/21 – Dr. Arun Sharma (video) | $647 | $0 |
| 9/1/21 – Dr. Arun Sharma | $789.65 | $566.65 |
| 9/2/21 – Dr. Imad Alaskaf (video) | $721 | $0 |
| 9/2/21 – Dr. Imad Alaskaf | $1,630.50 | $952.20 |
| 9/3/21 – Dr. Hasnain Sadiq (video) | $601 | $0 |
| 9/3/21 – Dr. Hasnain Sadiq | $1,612.95 | $976.15 |
| 12/9/21 – Jeffery Thelen (video) | $975.80 | $0 |
| 12/9/21 – Jeffery Thelen | $1,183.16 | $593.95 |
| 5/3/22 – Mary Keuhler | $465 | $465 |

| | | |
|---|---|---|
| 5/4/22 – Dr. Mark Hannappel[8] | $560 | $560 |
| 5/5/22 – Patricia & Dennis Thelen (video)[9] | $702.50 | $702.50 |
| 5/5/22 – Patricia & Dennis Thelen | $1,025.96 | $1,025.96 |
| 9/15/22 – Dr. Mark Hannappel[10] | $525 | $525 |
| 9/15/22 – Dr. Kenneth Castleman (video) | $650 | $650 |
| 9/29/22 – Dr. John Read | $776.85 | $518.95 |
| 10/6/22 – Tracy Witty | $498.50 | $422.5 |
| 10/7/22 – Dr. Paul Thomas | $376.15 | $300.15 |
| 10/14/22 – Dr. Bennet Omalu (video) | $607.50 | $607.50 |
| 10/14/22 – Dr. Bennet Omalu | $753.75 | $361.75 |
| 10/17/22 – J. Sneed | $135 | $0 |
| 10/24/22 – Dr. Janet Arrowsmith | $789.80 | $518.30 |
| 11/14/22 – Dr. Bennet Omalu (video) | $800 | $800 |
| 11/14/22 – Dr. Bennet Omalu | $1,723.35 | $1,181.35 |

**Total Deposition Costs Recommended:** $11,727.91

### 3. Photocopy Fees

Plaintiff objects to the Clerk's taxation of $6,116.88 in costs for exemplification

and copying.  (Dkt. 280 at 19–21.)  Plaintiff argues that this cost should be denied in

---

[8] Plaintiff did not object to the costs associated with this video deposition of Dr. Hannappel.  *See* (Dkt. 272 at 16.)  Nevertheless, Dr. Hannappel was listed on Defendant's witness list and his video deposition was played at trial.  (Dkt. 175 at 9; Dkt. 227); *W&O, Inc.*, 213 F.3d at 621.
[9] Plaintiff did not object to the costs associated with this deposition.
[10] Plaintiff did not object to the costs associated with this deposition.

its entirety because Defendant failed "to properly itemize and provide supporting documentation for its requested copying costs." (*Id.* at 21.) With its amended bill of costs, Defendant submits an itemized table detailing the documents copied in this matter and seeks a per page rate of $.12 per page. (Dkt. 283 at 95.)[11] Defendant argues that the copies were necessarily incurred in the case for the cost of "printing a copy of Mr. Thelen's medical records," "printing of four of each of its exhibits, per the [C]lerk's requirements," "photocopies of the deposition transcript of each witness who testified live," and for "12,000 pages of medical records sent to Dr. Edward Coffey." (Dkt. 282 at 14–16.) Defendant's amended bill of costs reflects a request for costs associated with copying 70,636 pages in this matter for a total of $8,476.32. (Dkt. 283 at 3, 95.)

Taxable costs include "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920(4). Costs for photocopies are thus "taxable if they are necessarily obtained for use in the case." *Landi v. Home Depot USA, Inc.*, No. 2:17-cv-701-FtM-38MRM, 2020 WL 2933033, at *5 (M.D. Fla. June 3, 2020) (citing *Joseph v. Nichell's Caribbean Cuisine, Inc.*, 950 F. Supp. 2d 1254, 1258 (S.D. Fla. 2013)). "To recover for photocopy expenses, a prevailing party must produce adequate documentation to show that the copies at issue were reasonably intended for use in the case." *Siemens Energy, Inc.*, 2020 WL 10457660, at *8 (quoting *George v. GTE Directories Corp.*, 114 F. Supp. 2d 1281, 1299 (M.D. Fla. 2000)). In evaluating copying costs, "the court should

---

[11] The Clerk originally taxed costs based on counsel's representation that 50,974 pages were copied in this matter for a total of $6,116.88. *See* (Dkt. 272 at 4–5.)

consider whether the prevailing party could have reasonably believed that it was necessary to copy the papers at issue." *W&O, Inc.*, 213 F.3d at 623.

Defendant first seeks $1,428.48 in costs for printing of 11,904 pages of Plaintiff's medical records. (Dkt. 282 at 15; Dkt. 283 at 87–88.) Upon consideration and in light of the focus on Plaintiff's medical condition both throughout this matter and at trial, the court recommends that costs incurred for copying Plaintiff's medical records were necessarily incurred and Plaintiff's objection be overruled as to those costs. *See, e.g.*, *Milligan v. Rambosk*, No. 2:20-cv-403-JES-KCD, 2022 WL 2975038, at *2 (M.D. Fla. July 5, 2022) (awarding costs for the photocopying of medical records where "the relevance of Dr. Osterman's medical file should be obvious"), *report and recommendation adopted*, 2022 WL 2967077 (M.D. Fla. July 27, 2022); *Brown v. Davis*, No. 3:13-cv-915-J-34MCR, 2017 WL 5514212, at *2 (M.D. Fla. Oct. 23, 2017), *report and recommendation adopted*, 2017 WL 5495154 (M.D. Fla. Nov. 16, 2017) (awarding costs "for copies of medical records relating to the care and treatment of Plaintiff [] in order to adequately address her damages claims" where defendants "have shown that these costs were necessarily obtained for use in the case"); *Payne v. J.B. Hunt Transp., Inc.*, No. 5:15-cv-517-OC-30PRL, 2017 WL 1653687, at *2 (M.D. Fla. May 2, 2017) (awarding $561.05 in costs of copies for plaintiff's medical records).

Defendant also seeks $5,165.76 in costs for printing 43,048 pages for four copies of its exhibits at trial "per the clerk's requirements." (Dkt. 282 at 15; Dkt. 283 at 89–95.) Courts have found copies to have been necessarily incurred for use in a case where

they are to be provided to the court at trial. *Lozman v. City of Riviera Beach*, 679 F. App'x 979, 981 (11th Cir. 2017) ("copies of trial exhibits are taxable as costs"); *see, e.g.*, *Baker Cnty. Med. Servs., Inc. v. Summit Smith L.L.C.*, No. 3:05-cv-541-J-33JRK, 2009 WL 10705826, at *7 (M.D. Fla. Jan. 7, 2009), *report and recommendation adopted sub nom. Baker Cnty. Med. Servs., Inc. v. Summit Smith LLC*, 2009 WL 10705825 (M.D. Fla. Jan. 23, 2009) (awarding $9,686.69 in costs for copies of trial exhibits); *Egwuatu v. Burlington Coat Factory Warehouse Corp.*, No. 8:10-cv-996-T-33TGW, 2011 WL 3793457, at *7 (M.D. Fla. Aug. 25, 2011) (awarding costs for "copies of exhibits and documents prepared for the court's consideration") (citing *W&O, Inc.*, 213 F.3d at 623). Accordingly, the court recommends that Plaintiff's objection as to these costs be overruled and Defendant is entitled to costs for copying exhibits at trial.

Defendant also seeks $1,440 in costs for copying 12,000 pages of Plaintiff's medical records that were sent to its expert, Dr. Edward Coffey. (Dkt. 282 at 16; Dkt. 283 at 88.) Dr. Coffey was listed on Defendant's expert witness list (Dkt. 175 at 14) and testified at trial (Dkt. 240). Defendant represents that Dr. Coffey "required the entirety of Plaintiff's medical records be provided for his review, totaling 12,000 pages." (Dkt. 282 at 16.) Upon consideration, the court finds the costs for copying these 12,000 pages and providing them to Defendant's expert to have been necessarily incurred in this matter and recommends that Defendant be awarded costs for these copies. *See, e.g.*, *Hooks v. Geico Gen. Ins. Co., Inc*, No. 3:13-cv-891-J-34JBT, 2015 WL 9595402, at *5 (M.D. Fla. Nov. 23, 2015) (recommending taxation of costs where

"copies were necessarily obtained for use in this case in order to adequately prepare Defendant's adjusters and expert"), *report and recommendation adopted sub nom. Hooks v. GEICO Gen. Ins. Co., Inc.*, 2016 WL 25936 (M.D. Fla. Jan. 4, 2016); *Turner v. GEICO Indem. Co.*, No. 11-20546-CIV, 2013 WL 12246346, at *2 (S.D. Fla. Feb. 1, 2013) (recommending that the court overrule objection "and award GEICO $879.01 for copies provided to its expert witness"), *report and recommendation adopted,* 2013 WL 12246347 (S.D. Fla. Mar. 6, 2013); *Alvarado v. Miami-Dade Cnty.*, No. 15-22193-CIV, 2017 WL 11715885, at *4 (S.D. Fla. May 25, 2017) (awarding costs and finding sufficient defendant's explanation "that it needed to make copies of the medical records for its expert to review").

Finally, Defendant argues that it is entitled to $442.08 in costs for three copies of the deposition transcript of each witness who testified live at trial totaling 3,684 pages.  (Dkt. 282 at 15–16; Dkt. 283 at 88–89.)  Upon consideration, the court recommends that Plaintiff's objection to these costs be sustained in part.  Defendant "posits these copies were necessary for each attorney, and if necessary, the Court to have a copy of the relevant witness['s] deposition in the case of argument or impeachment regarding previous testimony."  (Dkt. 282 at 15–16.)  Defendant has not provided the court with any cases from this circuit finding that three copies of deposition testimony for use at trial "are necessarily obtained for use in the case."  28 U.S.C. § 1920(4).  Rather, the court finds that three copies for each of Defendant's trial attorneys, and possibly the court, presumably to read along with the live testimony to

identify any possible argument or impeachment is a cost incurred for the convenience of counsel rather than the necessity of the case.  *See, e.g.*, *Meidling v. Walgreen Co.*, No. 8:12-cv-2268-T-TBM, 2015 WL 12838340, at *5–6 (M.D. Fla. June 19, 2015) ("[T]he Court does not award costs for copies made merely for counsel's convenience, such as multiple copies of documents.") (quoting *Monelus v. Tocodrian, Inc.*, 609 F. Supp. 2d 1328, 1335 (S.D. Fla. 2009)); *Moore v. GEICO Gen. Ins. Co.*, No. 8:13-cv-1569-T24-AEP, 2014 WL 12617782, at *2 (M.D. Fla. Aug. 19, 2014) (same).  Nevertheless, the court finds that Defendant is entitled to copying costs pursuant to 28 U.S.C. § 1920(4) for one copy of each deposition for those witnesses who testified live at trial.  *See, e.g.*, *Blitz Telecom Consulting, LLC v. Peerless Network, Inc.*, No. 6:14-cv-307-Orl-40GJK, 2016 WL 7325544, at *5 (M.D. Fla. Aug. 31, 2016) (recommending that prevailing party is entitled to "costs for copying deposition transcripts it intended to designate for use at trial"), *report and recommendation adopted,* 2016 WL 7446390 (M.D. Fla. Oct. 4, 2016), *aff'd,* 727 F. App'x 562 (11th Cir. 2018).  Accordingly, the court recommends that Defendant's costs for copying deposition transcripts be reduced to $147.36 ($442.08 divided by 3).

In sum, the court recommends that Plaintiff's objection with respect to the Clerk's taxation of costs for exemplification and copying under 28 U.S.C. § 1920(4) be sustained in part.  The court recommends that Defendant be awarded costs for photocopying in the amount of $8,181.60 ($8,034.24 plus $147.36).

4. **Scientific Article Fees**

Plaintiff next objects to the Clerk's taxation of $2,301.51 in "[o]ther costs," which consist of scientific and scholarly articles procured by Defendant. (Dkt. 280 at 21–22.) Defendant's motion to tax costs represents that these costs were incurred in order to purchase 26 articles listed as "reliance material by Plaintiff's experts." (Dkt. 267 at 6.) Defendant argues that "Plaintiff did not provide [Defendant] with the articles" and that they were "necessarily purchased by [Defendant] in formulating its *Daubert* arguments as to Omalu." (Dkt. 282 at 17.) In support, Defendant also submits invoices evidencing its purchase of the articles. (Dkt. 283 at 36–85.)

Upon consideration, the court recommends that Plaintiff's objection to these costs be sustained. Defendant has not identified which provision of 28 U.S.C. § 1920 supports the cost request or which provision of the statute gives the court authority to tax them. "As the Supreme Court has explained, absent explicit statutory or contractual authorization, federal courts are bound by the limitations set out in 28 U.S.C. § 1920." *Arcadian Fertilizer, L.P.*, 249 F.3d at 1296 (citing *Crawford Fitting Co.*, 482 U.S. at 445). The court further agrees with Plaintiff that such costs are analogous to computerized legal research, which the Eleventh Circuit has found are "clearly nonrecoverable" under § 1920. *Duckworth v. Whisenant*, 97 F.3d 1393, 1399 (11th Cir. 1996) (citing *Kivi v. Nationwide Mut. Ins. Co.,* 695 F.2d 1285, 1289 (11th Cir. 1983) ("additional amounts paid as compensation, or fees, to expert witnesses cannot be allowed or taxed as costs in federal courts.")). Moreover, to the extent Defendant

- 32 -

argues that these costs were "necessarily incurred" in this matter, the court is not persuaded as Plaintiff was ordered to file all 26 articles on the public docket as a result of Defendant's *Daubert* motion.   *See* (Dkts. 156, 198.)   Accordingly, the court recommends that Plaintiff's objection be sustained as to $2,301.51 in "[o]ther costs" taxed by the Clerk.

### 5. Witness Fees

Plaintiff objects to the Clerk's taxation of $927 in costs for witness fees (Dkt. 278) and argues that Defendant has failed to submit supporting documentation and should only be entitled to the "maximum *per diem* amount authorized by the General Services Administration (GSA) for federal employees."  (Dkt. 280 at 18–19 (quoting *E.E.O.C. v. Cigar City Motors, Inc.*, No. 8:18-cv-2055-CPT, 2013 WL 3121892, at *4 (M.D. Fla. Apr. 27, 2023).)   With its amended bill of costs, Defendant submits supporting documentation evidencing hotel reservation fees (Dkt. 283 at 97) and seeks only the maximum *per diem* rates for lodging in Tampa, Florida in June 2023 of $133 as argued by Plaintiff.  (Dkt. 283 at 3–4.)   Accordingly, the court recommends that Plaintiff's objection to Defendant's witness fees be sustained in part, and Defendant be awarded costs for witness fees totaling $519 as reflected on its amended bill of costs. *See* (Dkt. 283 at 3.)

### 6. Fees of the Clerk

Plaintiff objects to the Clerk's taxation of $150 in "Fees of the Clerk" pursuant to 28 U.S.C. § 1920(1).  (Dkt. 19.)  In its amended bill of costs, Defendant no longer

seeks this cost.  (Dkt. 283 at 3.)  Accordingly, the court recommends that Plaintiff's objection to this cost be sustained.

### D. Plaintiff's Pending Rule 59 Motion

Finally, Plaintiff requests that the court stay execution of the cost award until resolution of Plaintiff's pending Federal Rule of Civil Procedure 59 motion (Dkt. 269). (Dkt. 280 at 24–25.)  Plaintiff also argues that the "interests of justice are better served" by denying the Clerk's taxation of costs because of Plaintiff's financial status and good faith in bringing the litigation.  (*Id.*)  As noted above, "good faith and limited financial resources are not enough to overcome the strong presumption in favor of awarding costs to the prevailing party."  *Pickett*, 149 F. App'x at 832–33.  Nevertheless, the court recommends that in the interests of judicial economy, the court defer in taxing costs against Plaintiff until the court rules on Plaintiff's pending Rule 59 motion.  *See Mid-Continent Cas. Co. v. Arpin & Sons, LLC*, No. 16-21341-CIV, 2018 WL 11460028, at *1 (S.D. Fla. Jan. 22, 2018) (granting motion to stay taxation of costs and deferring ruling on motion to tax costs while Rule 59 motion remains pending); *see also Members First Fed. Credit Union v. Members First Credit Union of Fla.*, 244 F.3d 806, 807 (11th Cir. 2001) ("A timely Rule 59 motion to alter or amend judgment operates to suspend the finality of the district court's judgment 'pending the court's further determination whether the judgment should be modified so as to alter its adjudication of the rights of the parties.'") (citing *Browder v. Dir., Dep't of Corr.,* 434 U.S. 257, 267 (1978)).

## CONCLUSION

Accordingly, upon consideration of Defendant's bill of costs and documents filed in support (Dkt. 272), Plaintiff's Motion to review the Clerk's taxation of costs (Dkt. 280), Defendant's response in opposition (Dkt. 282), and Defendant's amended bill of costs and supporting documents (Dkt. 283), it is **RECOMMENDED** that:

1. Plaintiff's Motion to Review the Clerk's Taxation of Costs (Dkt. 280) be **GRANTED in part** and **DENIED in part** and Plaintiff's objections to the Clerk's taxation of costs be sustained in part as discussed herein.

2. Defendant be awarded taxable costs pursuant to Federal Rule of Civil Procedure 54(d) in the amount of $27,863.56 as follows:

   a. Fees for printed or electronically recorded transcripts necessarily obtained for use in the case: $19,162.96;

   b. Fees for witnesses: $519; and

   c. Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case: $8,181.60.

3. The court defer in taxing costs against Plaintiff until Plaintiff's Motion for a New Trial and Motion to Alter or Amend the Judgment (Dkt. 269) is adjudicated.

**IT IS SO REPORTED** in Tampa, Florida, on September 18, 2023.

JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

A party has 14 days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

Copies furnished to:
The Honorable Thomas P. Barber
Counsel of Record