UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JEFFREY THELEN,

    Plaintiff,

v.                                        Case No: 8:20-cv-1724-TPB-JSS

SOMATICS, LLC, and
ELEKTRIKA, INC.,

    Defendants.
_____/

**ORDER DENYING "PLAINTIFF'S MOTION FOR A NEW TRIAL AND MOTION TO ALTER OR AMEND THE JUDGMENT"**

This matter is before the Court on "Plaintiff's Motion for a New Trial and Motion to Alter or Amend the Judgment," filed July 7, 2023. (Doc. 269). Defendant filed a memorandum in opposition to the motion on August 11, 2023. (Doc. 279). Upon review of the motion, response, court file, and the record, the Court finds as follows:

**Background**

Plaintiff Jeffrey Thelen has suffered from severe depression and other mental health issues for many years, resulting in hospitalization on more than one occasion. From May 2014 to July 2016, he received over 90 electro-convulsive therapy ("ECT") treatments at a CHI Health hospital in Omaha, Nebraska, using a Thymatron IV ECT device manufactured and sold by Defendant Somatics, LLC. Thelen alleges that despite knowing of the substantial risks associated with ECT

treatment, Somatics failed to warn him of these risks. Thelen alleges that the ECT treatments caused permanent neurological injury, including permanent memory loss and brain damage.

On July 24, 2020, Thelen filed this product liability suit under various legal theories. The Court granted Somatics' motion for summary judgment in part, eliminating certain of Thelen's claims of negligence and his claims for breach of warranty, manufacturing defect, design defect, and punitive damages. (Doc. 169). The case was tried to a jury for seven days on Thelen's claim of strict liability failure to warn.[1] The jury found that Somatics had failed to accompany the ECT device with adequate instructions or warnings, but that the absence of such instructions or warnings was not a proximate cause of damage to Thelen. (Doc. 246 at 1). The Court accordingly entered judgment for Somatics.

Thelen moves for a new trial or to alter or amend the judgment, arguing that the Court erred with respect to (1) its instructions to the jury on causation, (2) excluding certain evidence, (3) failing to give a curative instruction regarding defense counsel's closing argument, (4) limiting the testimony of Thelen's experts, and (4) granting summary judgment for Somatics on Thelen's design defect claim.

---

[1] The Court instructed the jury on Thelen's claim of strict liability failure to warn but declined to separately instruct the jury on a theory of negligence. *See* (Doc. 244). The Court reasoned that the negligence claim and the strict liability claim were both grounded on a failure to warn, and instruction on both theories would be unnecessary and likely to cause confusion. (Doc. 250). Thelen's motion for new trial does not challenge the Court's decision on this point.

For the reasons set forth below, Thelen's motion for new trial or to alter or amend the judgment is denied.

## Legal Standard

"A timely motion for new trial is addressed to the sound judicial discretion of the trial court." *Knight through Kerr v. Miami-Dade Cty.*, 856 F.3d 795, 807 (11th Cir. 2017) (internal quotation omitted). A court may grant a new trial based on an erroneous jury instruction. *See, e.g.*, *Pate v. Seaboard R.R.*, 819 F.2d 1074, 1080 (11th Cir. 1987). However, even if a jury instruction is erroneous, the moving party must establish that the error resulted in prejudicial harm to obtain a new trial. *See McElroy by McElroy v. Firestone Tire & Rubber Co.*, 894 F.2d 1504, 1509 (11th Cir. 1990).

The admission and exclusion of evidence are likewise matters committed to the broad discretion of the district court. *Walker v. NationsBank of Florida N.A.*, 53 F.3d 1548, 1554 (11th Cir. 1995). To obtain a new trial based on an erroneous evidentiary ruling, the movant must show that the erroneous ruling produced a substantial prejudicial effect. *See SEB S.A. v. Sunbeam Corp.*, 148 F. App'x 774, 790 (11th Cir. 2005). A court "may conclude that the party's substantial rights were not affected [as long as the court] . . . can say with fair assurance . . . that the judgment was not substantially swayed by the error." *Id.* (internal quotation omitted).

Whether to order a new trial based on improper closing argument is a matter committed to the district court's discretion. *Cephus v. CSX Transp., Inc.*, 771 F.

App'x 883, 893-95 (11th Cir. 2019). Relevant considerations include the likely impact of the improper argument on the jury, the context of the improper argument, whether a contemporaneous objection was made, and the likely impact of any instructions given by the court. *See Cephus*, 771 F. App'x at 893-95; *Wilson v. NHB Indus., Inc.*, 219 F. App'x 851, 852 (11th Cir. 2007).

"The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (internal quotation omitted). A party cannot use a Rule 59(e) motion to "relitigate old matters [or] raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Vill. of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005). Whether to grant a motion for reconsideration is "committed to the sound discretion of the district court." *O'Neal v. Kennamer*, 958 F.2d 1044, 1047 (11th Cir. 1992).

## Analysis

Thelen's motion for new trial or to alter or amend the judgment is denied. Thelen has not shown the Court's rulings excluding evidence, declining to give a curative instruction, or limiting the testimony of two of Thelen's experts were erroneous or prejudicial. The reasons for the Court's rulings on these points is adequately set forth in the trial record and the Court's written orders, and the Court will not discuss them further here. The Court will, however, address Thelen's arguments as to the Court's jury instruction on causation and grant of partial summary judgment for Somatics on Thelen's design defect claim.

*Jury Instructions on Causation*

Thelen argues the Court erred by instructing the jury that to prove that Somatics' failure to warn Thelen's physician was a proximate cause of Thelen's injury, he must prove that a different warning would have altered the physician's conduct. This causation requirement flows from the learned intermediary doctrine, under which Somatics' duty to warn of the Thymatron's risks ran to Thelen's physicians rather than to Thelen directly. *See Freeman v. Hoffman-LaRoche, Inc.*, 618 N.W.2d 827, 841-42 (Neb. 2000). There is no controlling Nebraska authority on this principle of causation, but Nebraska's federal district courts have applied it as part of Nebraska law. *See, e.g., Langner v. Boston Sci. Corp*, 492 F. Supp. 3d 925, 933-34 (D. Neb. 2020); *Marlin v. Boston Sci. Corp.*, No. 8:20-CV-181, 2020 WL 13005014, at *5 (D. Neb. Oct. 9, 2020); *Ideus v. Teva Pharm. USA, Inc.*, 361 F. Supp. 3d 938, 946 (D. Neb. 2019). The Second Circuit reached the same conclusion under Nebraska law in *McElroy v. Eli Lilly & Co.*, 495 F. App'x 166, 168 (2d Cir. 2012). Thelen cites no contrary Nebraska authority, and numerous other jurisdictions have addressed this issue and held to the same effect as the cases cited above.[2]

---

[2] *See, e.g.*, *Himes v. Somatics, LLC*, 29 F.4th 1125, 1127 (9th Cir. 2022) (California); *Blackburn v. Shire US Inc.*, 18 F.4th 1310, 1318-19 (11th Cir. 2021) (Alabama); *Hubbard v. Bayer Healthcare Pharm. Inc*, 983 F.3d 1223, 1237-39 (11th Cir. 2020) (Georgia); *Eghnayem v. Boston Sci. Corp.*, 873 F.3d 1304, 1321 (11th Cir. 2017) (Florida); *Brinkley v. Pfizer, Inc.*, 772 F.3d 1133, 1138 (8th Cir. 2014) (Missouri); *see also Pringle v. Johnson & Johnson*, No. 13-81022-CIV-MARRA/MATTHEWMAN, 2020 WL 4501834, at *5 (S.D. Fla. Jan. 30, 2020) (citing cases under Kansas, Louisiana, Mississippi, New Jersey, South Carolina, and Texas law).

At the charge conference, Thelen first argued that the Court's instruction on this point was correct. *See* (Doc. 261 at 222-226, 230-32). Counsel stated: "[W]hoever wrote these instructions knew the law . . . I think the instructions on this point are accurate as written." (*Id.* at 232). Only at the end of the charge conference did Thelen's counsel, "simply for the record," return to a point raised in his written objection to the instruction Somatics had originally proposed. (Docs. 177 at 74; 262 at 233-35). Counsel pointed to language from *Sterling Drug, Inc. v. Cornish*, 370 F.2d 82, 85 (8th Cir. 1966), stating that where a drug manufacturer fails to adequately warn the physicians, "it is liable regardless of anything the doctors may or may not have done." (Doc. 262 at 234). *Sterling Drug*, however, did not apply Nebraska law, and it offered the quoted statement in response to an argument regarding intervening negligence by the plaintiff's physician, which was not an issue raised in this case. Accordingly, the Court rejects the extension of the Eighth Circuit's statement to the context of this case. Thelen's reliance on language pulled from a handful of decisions in other states in other procedural and factual contexts is similarly unpersuasive.

As for the form of the instruction, the Court agreed with Thelen and gave a broad instruction focusing on the physician's "conduct" rather than his decision to "prescribe" ECT treatment with the Thymatron. This allowed Thelen's counsel to argue his theory of causation to the jury, which was that if Thelen's physicians had been adequately warned of the risks, they would have passed that warning on to

Thelen and his family, who would then have declined ECT treatment, thereby avoiding injury. *See* (Docs. 261 at 225-26, 232; 264 at 35-36).

It also bears note that Thelen did not propose an alternative instruction to explain to the jury how the causation inquiry is "informed by" the learned intermediary doctrine. *See McElroy*, 495 F. App'x at 168. This is not something a lay jury could be expected to appreciate on its own. It was clear from the parties' dispute regarding the form of the instruction that if the matter were left to counsel to argue to the jury under a generic causation instruction, the jury would be faced with conflicting arguments on the contours of Thelen's burden. Thus, an instruction on this point was plainly required.

Ultimately the jury found that Thelen failed to establish causation, and that finding has support in the conflicting evidence presented. Thelen has shown no basis for a new trial on this ground.

***Design Defect***

Thelen argues the Court erred in granting summary judgment for Somatics on his design defect claim. Somatics' motion for summary judgment argued that the test for design defect focuses on whether a product "has a propensity for causing physical harm beyond that which could be contemplated by the ordinary user or consumer." (Doc. 79 at 11-12). Somatics adopted the argument of codefendant Elektrika, Inc., that, whether the relevant "user or consumer" was the physician or the patient, Thelen had failed to develop evidence regarding user expectations. *See* (Docs. 79 at 3; 93 at 15). The Court agreed with Thelen's position that under

*Freeman*, 618 N.W.2d at 840, the relevant consumer expectations were those of the ordinary patient but held that Thelen failed to identify evidence from which a jury could determine those expectations, as opposed to simply Thelen's own subjective knowledge.[3]  *See* (Docs. 154; 169 at 14).  Accordingly, the Court granted summary judgment for Somatics on this claim.  (*Id.*)

Thelen argues the Court's ruling constituted legal error, on two grounds.  First, he argues Somatics did not meet its initial summary judgment burden, and Thelen therefore was not required to respond with evidence supporting the design defect claim.  Thelen, however, did not make this argument in his response to Somatics' motion for summary judgment, *see* (Docs. 99, 100), and it was therefore waived.  *See, e.g.*, *Transamerica Leasing, Inc. v. Inst. of London Underwriters*, 267 F.3d 1303, 1308 n.1 (11th Cir. 2001) (holding that arguments not made in a summary judgment response are waived); *Logan v. Commercial Union Ins. Co.*, 96 F.3d 971, 979 (7th Cir. 1996) (holding the plaintiff forfeited the argument that the defendant had failed to meet its summary judgment burden where the plaintiff failed to make the argument in his summary judgment response).

Second, Thelen argues there was record evidence going beyond his own subjective expectations, citing evidence and legal authority he did not argue in his

---

[3] Consistent with the "ordinary consumer" language used by the Nebraska Supreme Court in *Freeman*, courts have consistently held the "consumer expectation" inquiry is an objective one.  *See, e.g.*, *Koken v. Black & Veatch Constr., Inc.*, 426 F.3d 39, 52 (1st Cir. 2005) ("The question is not the subjective expectations of the particular user, but the reasonable expectations of an ordinary user or purchaser."); *Jennings v. BIC Corp.*, 181 F.3d 1250, 1255 (11th Cir. 1999) ("The defectiveness of a design is determined based on an objective standard, not from the viewpoint of any specific user.").

summary judgment response.  The Court declines to consider these points, which Thelen raised only after losing a seven-day jury trial on his failure to warn claim. *See Transamerica Leasing,* 267 F.3d at 1308 n.1; *Michael Linet, Inc.*, 408 F.3d at 763 (holding that a party may not raise in a Rule 59(e) motion arguments or evidence that could have been raised prior to entry of judgment); *see also N.L.R.B. v. McClain of Georgia, Inc.*, 138 F.3d 1418, 1422 (11th Cir. 1998) ("Issues raised in a perfunctory manner, without supporting arguments and citation to authorities, are generally deemed to be waived.").  Accordingly, Thelen's challenge to the Court's grant of partial summary judgment on his design defect claim fails.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) "Plaintiff's Motion for a New Trial and Motion to Alter or Amend the Judgment" (Doc. 269) is **DENIED**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 7th day of November, 2023.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**